B25A (Official Form 25A) (12/08)

## United States Bankruptcy Court
### District of Massachusetts

In re **Brian E Stephens**

Debtor(s)

Case No. **09-19996**

Chapter **11**

## PLAN OF REORGANIZATION, DATED JANUARY 28, 2011

### ARTICLE I
### SUMMARY

This Plan of Reorganization (the "Plan") under chapter 11 of the Bankruptcy Code (the "Code") proposes to pay creditors of **Brian E Stephens** (the "Debtor") from revenues from rental properties he owns as well as income from his electrical contracting business.

This Plan provides for **1** class of secured claims; **1** class of unsecured claims; and **0** classes of equity security holders. Unsecured creditors holding allowed claims will receive distributions, which the proponent of this Plan has valued at approximately 10 cents on the dollar. This Plan also provides for the payment of administrative and priority claims in full on the effective date of this Plan with respect to any such claim to the extent permitted by the Code or the claimant's agreement.

All creditors should refer to Articles III through VI of this Plan for information regarding the precise treatment of their claim. A disclosure statement that provides more detailed information regarding this Plan and the rights of creditors has been circulated with this Plan. **Your rights may be affected. You should read these papers carefully and discuss them with your attorney, if you have one. (If you do not have an attorney, you may wish to consult one.)**

### ARTICLE II
### CLASSIFICATION OF CLAIMS AND INTERESTS

2.01 Class 1. All allowed claims entitled to priority under § 507 of the Code (except administrative expense claims under § 507(a)(2), and priority tax claims under § 507(a)(8)).

2.02 Class 2. The claims of the secured creditors, to the extent allowed as a secured claims under § 506
  1. 66 Harbor Road, Naples ME - Seasonal rental investment realty
     a. Mortgage held by BAC Home Loan Service  -secured $255,000
     b. FMV: $255,000 by agreement of the parties.

  2. 78 Ash Street, Manchester, NH - year-round rental investment realty
     a. First mortgage held by Chase Home Mortage, LLC  - POC#5: $153,736
     b. Second mortgage held by TD Bank NA - secured $20,264 by agreement
     e. FMV: $174,000 by agreement of the parties

  3. 1202 Main Street, Tewksbury, MA  - year-round rental investment realty
     a. First mortgage held by Chase Home Mortgage, LLC  - POC#1: $179,131
     b. Second Mortgage held by Tewksbury Credit Union - Claim $155,926
     c. FMV: $338,000, with a range of $275,000 to $401,000 based on Freddie Mac Home Value Explorer Property Valuation Report as of November 11, 2009.

  4. 23 Centenary Road, Laconia, NH - year-round rental investment realty
     a. Mortgage held by Wells Fargo Home Mortgage - secured $130,000
     b. FMV: $130,000 based on formal appraisal.66

2.03 Class 3. All unsecured claims allowed under § 502 of the Code.

    2.04    <u>Class 4</u>.  The interests of the individual Debtor in property of the estate.

## ARTICLE III
## TREATMENT OF ADMINISTRATIVE EXPENSE CLAIMS,
## U.S. TRUSTEE'S FEES, AND PRIORITY TAX CLAIMS

    3.01    <u>Unclassified Claims</u>.  Under section §1123(a)(1), administrative expense claims, and priority tax claims are not in classes.

    3.02    <u>Administrative Expense Claims</u>.  Each holder of an administrative expense claim allowed under § 503 of the Code will be paid in full on the effective date of this Plan (as defined in Article VII), in cash, or upon such other terms as may be agreed upon by the holder of the claim and the Debtor.

    3.03    <u>Priority Tax Claims</u>.  Each holder, if any, of a priority tax claim will be paid.

    3.04    <u>United States Trustee Fees</u>.  All fees required to be paid by 28 U.S.C. §1930(a)(6) (U.S. Trustee Fees) will accrue and be timely paid until the case is closed, dismissed, or converted to another chapter of the Code.  Any U.S. Trustee Fees owed on or before the effective date of this Plan will be paid on the effective date.

## ARTICLE IV
## TREATMENT OF CLAIMS AND INTERESTS UNDER THE PLAN

    4.01    Claims and interests shall be treated as follows under this Plan:

| Class | Impaired? | Treatment |
|---|---|---|
| Class 1 - Priority Claims<br>Attorney Fees<br>Quarterly UST fees | Unimpaired | Class 1 is unimpaired by this Plan, and each holder of a Class 1 Priority Claim will be paid in full, in cash, upon the later of the effective date of this Plan as defined in Article VII, or the date on which such claim is allowed by a final non-appealable order. |
| Class 2 - Secured Claims of:<br>Chase Home Fin LLC -1  $1,430.61/m piti@4% 23 yrs<br>Chase Home Fin LLC -2  $1,483.73/m piti@4.5% 23yr<br>BAC Home Loan           $1,593.14/m pi@5.25% 23 yr<br>TD Bank NA              $149.89/m pi@4% 15 yrs<br>Tewksbury Credit Union  $865/m pi@4% 23 yrs<br>Wells Fargo Home Mort   $906.76/m PITI@4% 33 yrs | Impaired | Class 2 is impaired by this Plan, on each parcel of realty, Debtor will retain each parcel and pay the secured portion of the mortgages at the rate of 4% (or as specified) over the remaining term, (or as specified), of each mortgage.  Debtor will make monthly payments some of which (specified) include the escrow for taxes and insurance. |
| Class 3 - General Unsecured Creditors<br>Capital One #9066        $45,289.95<br>Capital One #0570<br>Capital One #9066<br>Capital One #9034<br>Citibank #8532 (PRA)     $32,434.47<br>Citibank #8715<br>Citibank #6829<br>BAC Home Loan           $21,169.24<br>TD Bank NA              $82,919.04<br>Wells Fargo             $35,359.31<br>Comcast    $233.14<br>GE Money   $389.75          $622.89*<br>TOTAL                  **$217,794.90**<br><br>* convenience class treatment: to be paid full prorata share upon confirmation of the plan. | Impaired | Class 3 is the general unsecured creditors and the unsecured portion of the mortgages from Class 2 above.  Debtor will pay a prorata share of $21,779.50 to unsecured creditors with approved claims.  Payments will be made on a Quarterly basis over 60 months at zero percent from March 1, 2011 or upon confirmation of the Plan.<br><br>Total expected dividend to Unsecured Class 3 is 10%. |

# ARTICLE V
# ALLOWANCE AND DISALLOWANCE OF CLAIMS

5.01    Disputed Claim. A disputed claim is a claim that has not been allowed or disallowed by a final non-appealable order, and as to which either: (i) a proof of claim has been filed or deemed filed, and the Debtor or another party in interest has filed an objection; or (ii) no proof of claim has been filed, and the Debtor has scheduled such claim as disputed, contingent, or unliquidated.

5.02    Delay of Distribution on a Disputed Claim.  No distribution will be made on account of a disputed claim unless such claim is allowed by a final non-appealable order.

5.03    Settlement of Disputed Claims.  The Debtor will have the power and authority to settle and compromise a disputed claim with court approval and compliance with Rule 9019 of the Federal Rules of Bankruptcy Procedure.

# ARTICLE VI
# PROVISIONS FOR EXECUTORY CONTRACTS AND UNEXPIRED LEASES

6.01    Assumed Executory Contracts and Unexpired Leases.

(a)    The Debtor assumes the following executory contracts and/or unexpired leases effective upon the date of the entry of the order confirming this Plan:

| Name of Other Parties to Lease or Contract | Description of Contract or Lease |
|---|---|
| Verizon | Lessee on Contract for wireless phone |
| All present tenants of the rental properties owned by Debtor | Month-to-Month tenancies, short term/vacation rental agreements, paying occupant/user agreements. |

(b)    The Debtor will be conclusively deemed to have rejected all executory contracts and/or unexpired leases not expressly assumed under section 6.01(a) above, or before the date of the order confirming this Plan, upon the [Insert "effective date of this Plan," "the date of the entry of the order confirming this Plan," or other applicable date].  A proof of a claim arising from the rejection of an executory contract or unexpired lease under this section must be filed no later than **thirty** (30) days after the date of the order confirming this Plan.

# ARTICLE VII
# MEANS FOR IMPLEMENTATION OF THE PLAN

1.    *Ability to Initially Fund Plan*

The Plan Proponent believes that the Debtor will have enough cash on hand on the effective date of the Plan to pay all the claims and expenses that are entitled to be paid on that date.  Tables showing the amount of cash on hand on the effective date of the Plan, and the sources of that cash are attached to the disclosure statement as Exhibit F.

2.    *Ability to Make Future Plan Payments And Operate Without Further Reorganization*

The Plan Proponent believes it will have enough cash over the life of the Plan to make the required Plan payments.  The Plan Proponent has provided projected financial information.  Those projections are attached to the Disclosure Statement at Exhibit G.  The Plan Proponent's financial projections show that the Debtor will have an aggregate annual average cash flow, after paying operating expenses and post-confirmation taxes, of $363.00 per month.

# ARTICLE VIII
# GENERAL PROVISIONS

8.01    Definitions and Rules of Construction.  The definitions and rules of construction set forth in §§ 101 and 102 of the Code shall apply when terms defined or construed in the Code are used in this Plan.

    8.02    <u>Effective Date of Plan</u>.  The effective date of this Plan is the eleventh business day following the date of the entry of the order of confirmation.  But if a stay of the confirmation order is in effect on that date, the effective date will be the first business day after that date on which no stay of the confirmation order is in effect, provided that the confirmation order has not been vacated.

    8.03    <u>Severability</u>.  If any provision in this Plan is determined to be unenforceable, the determination will in no way limit or affect the enforceability and operative effect of any other provision of this Plan.

    8.04    <u>Binding Effect</u>.  The rights and obligations of any entity named or referred to in this Plan will be binding upon, and will inure to the benefit of the successors or assigns of such entity.

    8.05    <u>Captions</u>.  The headings contained in this Plan are for convenience of reference only and do not affect the meaning or interpretation of this Plan.

# ARTICLE IX
# DISCHARGE

    9.01    <u>Discharge</u>.  Confirmation of this Plan does not discharge any debt provided for in this Plan until the court grants a discharge on completion of all payments under this Plan, or as otherwise provided in § 1141(d)(5) of the Code.  The Debtor will not be discharged from any debt excepted from discharge under § 523 of the Code, except as provided in Rule 4007(c) of the Federal Rules of Bankruptcy Procedure.

# ARTICLE X
# OTHER PROVISIONS

**None.**

Respectfully submitted,

By: **/s/ Brian E Stephens**
**Brian E Stephens**
The Plan Proponent

By: **/s/ Robert L. O'Brien**
**Robert L. O'Brien 653806**
Attorney for the Plan Proponent